```
                               UNITED STATES DISTRICT COURT
                               SOUTHERN DISTRICT OF FLORIDA

                               CASE NO. 08-80638-CIV-DIMITROULEAS
                               MAGISTRATE JUDGE P.A. WHITE
```

LARRY DONNELL JONES,            :

    Plaintiff,              :     <u>REPORT OF</u>
                                      <u>MAGISTRATE JUDGE</u>
v.                              :

RALPH THOMAS, ET AL.,           :

    Defendants.
_____ :

## I.  <u>Introduction</u>

On June 12, 2008, the plaintiff Larry Donnell Jones filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding <u>in forma pauperis</u>. [DE# 6].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II.  <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>            \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

> the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the

Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

3

The plaintiff seeks to sue Glades Correctional Institution Warden Willie Floyd, an inmate and the Secretary of the Florida Department of Corrections. The plaintiff alleges that in 1999 the inmate forged two requests to have inmate funds deducted from the plaintiff's inmate bank account to be sent to a person outside the institution. He claims that due to the negligence of officers who worked for Floyd, funds were deducted and sent without the plaintiff's authorization. The plaintiff states that his grievances were approved, but he was never reimbursed for the funds deducted from his account. He alleges that Floyd is responsible for the negligence of the corrections officers and the inmate committed a crime. He seeks monetary damages and other relief.

Apart from the fact that this civil action appears to be barred by the applicable four-year statute of limitations, the plaintiff has not raised any claims that may be litigated in a federal civil rights action. The claims regarding the loss of his personal property are not cognizable in a federal lawsuit pursuant to §1983 but may be raised in a tort action under state law. See Parratt v. Taylor, 451 U.S. 527, 544 (1981) (overruled in part not relevant here, by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)); Baker v. McCollan, 443 U.S. 137 (1979); Paul v. Davis, 424 U.S. 693, 701 (1976); Cannon v. Taylor, 782 F.2d 947 (11 Cir. 1986). In Parratt v. Taylor, supra, the United States Supreme Court held that a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise under 42 U.S.C. §1983 to a procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy. After the ruling in Daniels, supra, which in part overruled Parratt, the Court of Appeals for this Circuit has held, in the context of a §1983 action involving an arrest-related seizure and retention of property (a vehicle, cash, and

4

jewelry), that where the plaintiffs had adequate postdeprivation remedies, no procedural due process violation had occurred, whether or not forfeiture proceedings were ever initiated. <u>Lindsey v. Storey</u>, 936 F.2d 554, 561 (11 Cir. 1991) (citing <u>Parratt v. Taylor</u> and <u>Hudson v. Palmer</u>, <u>supra</u>).

The State of Florida has provided a tort claims procedure which may be utilized to recover damages for property losses. <u>Fla.Stat</u>. §768.28 (1987). This procedure is available to Florida prisoners. <u>West v. Wainwright</u>, 380 So.2d 1338 (Fla. 1 DCA 1980). Thus, unless the deprivation of property has occurred as the result of an established unlawful state procedure, the existence of the state remedy precludes the availability of §1983 relief for negligent or intentional deprivation of personal property. <u>Hudson v. Palmer</u>, <u>Parratt v. Taylor</u>, and <u>Lindsey v. Storey</u>, <u>supra</u>.

### III.  <u>Conclusion</u>

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 21st day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Larry Donnell Jones, <u>Pro Se</u>
    DC No.  184221
    Dade Correctional Institution
    19000 S.W. 377th Street
    Florida City, FL 33034-6499